FILED
IN CLERKS OFFICE

2021 AUG 23 PM 1:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

United States District Court
District of Massachusetts

Jennaya Bennett-Werra
AKA James Bennett-Werra
Plaintiff

V.             C.A. No.   20-10017 -ADB

Steven Tompkins, Yolanda Smith,
Zezinha Mitchell, Jennifer Sullivan,
Christina Ruccio, and Naphcare
Defendants

## Amended Complaint

Preliminary Statement

1.) I, Jennaya Bennett-Werra (Plaintiff) brings here this Action against Steven Tompkins, Yolanda Smith, Zezinha Mitchell, Jennifer Sullivan, Christina Ruccio, and Naphcare, (Defendants) who have discriminated against me on the basis of my disability and gender.

2.) This Action arises under the Americans with Disabilities Act (ADA), 42 U.S.C.§ 12101, et seq.,; The Rehabilitation Act of 1973, 29 U.S.C.§ 701, et seq.; The Civil Rights Act 42 U.S.C. § 1983 ; The Prison Rape Elimination Act of 2000, 42 U.S.C.  § 15601, et seq. ; The Fourteenth Amendment to the United States Constitution such as the The Equal Protection clause and the Due Process clause.

3.) At all relevant times the defendants were receiving federal financial aid. The defendants delayed my treatment for my gender dysphoria by delaying and denying electrolysis and delaying and denying my classification to a female unit.

United States District Court
District of Massachusetts


Jennaya Bennett-Werra
AKA James Bennett-Werra
Plaintiff

V.                                  C.A. No.  20-10017 -ADB

Steven Tompkins, Yolanda Smith,
Zezinha Mitchell, Jennifer Sullivan,
Christina Ruccio, and Naphcare
Defendants


I . Parties to This Complaint

   3,) Plaintiff
       Jennaya Bennett-Werra
       AKA James Bennett-Werra         F81849        _____

       MCI-Framingham
       99 Loring Dr PO Box 9007
       Framingham, MA 01701

   4.)  I, Jennaya Bennett-Werra was incarcerated at the Suffolk County House of Correction. I was held at this facility since April 10, 2019. I am now incarcerated at the MCI Framingham.

   5.)  Defendants are all involved and responsible for the overall administration of Suffolk County House of Corrections located at 20 Bradston St Boston, MA 02118. Defendants are a public entity within the meaning of the ADA.

   6.)  Defendant Steven Tompkins was at all relevant times the Sheriff of Suffolk County and responsible for the overall administration of Suffolk County HOC. As well as the training of all Suffolk County HOC staff. This suit is brought against Steven Tompkins in his official capacity.

   7.)  Defendant Yolanda Smith at all relevant times was the superintendent and the PREA coordinator at Suffolk County HOC and is responsible for the day to day administration of Suffolk County HOC. This suit is brought against the defendant in her official capacity.

   8.)  Defendant Zezinha Mitchell was at all relevant times the Assistant Deputy Superintendent in charge of Classification at Suffolk County HOC and is responsible for

reviewing and rendering decisions on the housing accomodations at Suffolk County HOC. This suit is brought against defendant Zezinha Mitchell in her official capacity.

    9.) Defendant Jennifer Sullivan at all relevant times was the Grievance Coordinator at Suffolk County HOC and is responsible for rendering on all grievance forms filed by inmates at Suffolk County HOC. This suit is brought against defendant Jennifer Sullivan in her official capacity.

    10.) Defendant Christina Ruccio at all relevant times was the Director of Women's Programming at Suffolk County HOC and is responsible for the day to day administration of women's programming. This suit is brought against the defendant Christina Ruccio in her official capacity.

    11.) Defendant Naphcare was at all relevant times contracted by Suffolk County HOC for the provisions of health services to all inmates held at Suffolk County HOC. This suit is brought against defendant Naphcare.

## II. Basis for Jurisdiction

12.) This court has Jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Many of my claims arise under federal law, including the ADA, 42 U.S.C. § 12101 et seq.; The Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; The Civil Rights Act, 42 U.S.C. § 1983; The Prison Rape Elimination Act of 2000, 42 U.S.C. § 15601, et seq.; and The Fourteenth Amendment to the United States Constitution such as The Equal Protection clause and the Due Process clause. Venue is proper in this District under 28 U.S.C. § 1391

III.     Statement of Claim

13.) I, Jennaya Bennett-Werra, born August 22, 1997, am a Transgender Female. I began my transition and have been living as a female about 3 years ago. I have been diagnosed with gender dysphoria. I began hormone treatments on November 1, 2018. My name was legally changed from James Bennett-Werra to Jennaya Bennett-Werra on November 22, 2019. My gender marker with the Massachusetts RMV also reflects my gender identity as a female.

14.) I arrived at Suffolk County HOC on April 10, 2019. I have been requesting to be housed on a female unit since the time I arrived at Suffolk County HOC. I have spoken to my case worker, mental health worker, the classification team at Suffolk County HOC, ADS/Major of Classification Zezinha Mitchell, Superintendent Yolanda Smith and many others, all of whom have denied my request to be housed on a female unit. The reasons they give me for denying my request are simply put as "male parts, male unit" or "we currently do not mix different genders at this facility." The Defendants have refused to treat me the same as the other women housed at the jail. I feel extremely discriminated against, causing my dysphoria around my gender identity to worsen.

15.) I have filed two grievances for the continued denial of my request to be housed on a female unit, both were denied. I then appealed the denied grievances on July 3, 2019. Superintendent Yolanda Smith met with me in person on July 10, 2019 on Unit 182 (a male protective custody unit where I was being housed at the time) in regards to my grievance appeal forms. She again denied my request to be housed on a female unit. Yolanda Smith did agree to allow me to attend women's programming, which I attended for the first time on July 26, 2019.

16.) On July 29, 2019, I appeared in Fall River Superior Court, I requested the Judge issue a recommendation for me to be housed with same gender identity inmates. The judge granted my request and issued the recommendation on that date. On July 30, 2019, I met with ADS/Major of Classification Zezinha Mitchell and informed her of the judge's recommendation. Zezinha Mitchell told me that she would call Superintendent Yolanda Smith. Zezinha Mitchell then came back to me about 20 minutes later and said to me "we can't mix genders at this time." She then said, "you have two options: you can remain on Unit 182 and continue to attend women's programs or we can send you back to Bristol County." I chose to stay at Suffolk County HOC due to the safety risks I'd be facing if I went back to Bristol Count. I also informed Zezinha Mitchell that she was discriminating against me and that I would be filing in federal court.

17.) On August 2, 2019 at approximately 1:05 pm, Yolanda Smith and Zezinha Mitchell met with me again on Unit 182 regarding my statement to Zezinha Mitchell on July 30, 2019 about filing in federal court. Yolanda Smith informed me that she would send me bac to Bristol County

before allowing me to file. Yolanda Smith continues to deny my request to be housed on a female unit. When I asked her why I could not be house on a female unit, she told me that she did not have to disclose that information to me.

18.) I have voiced my concerns of being housed on a male unit in general but especially on Unit 182, the male protective custody unit, many times with my mental health worker, case worker, and Zezinha Mitchell. I have also written grievances about it. Housing me on Unit 182 makes me extremely uncomfortable due to the fact that I am a woman being forced to live and eat around men and some of these men are on Unit 182 for sexual crimes. Having been the victim of sexual assault before makes this living situation extremely unbearable. It has made my depression, anxiety, and dysphoria worse. I am living in constant fear of being physically assaulted, both sexually and violently due to the fact that I am a woman on this male unit. In fact, on September 8, 2019 I was sexually assaulted on Unit 182 by a male inmate. I reported this to Suffolk County HOC staff. I was then moved to Unit 151 after the investigation was concluded. It was found by Suffolk County HOC's Special Investigations Division that my statements were true. Unit 151, where I am currently housed is still a male protective custody unit and some of these men have been convicted of sexual crimes.

19.) When I was housed on Unit 3-3 (a male general population unit) I was threatened with physical violence by many of the male inmates housed there. I informed the unit officer and I was moved to a segregation unit (1-3-1) for about 3 days pending a classification hearing at which I again, requested to be housed on a female unit. My request was again denied and I was moved to unit 182.

20.) I have also requested to be better accommodated medically for my gender dysphoria diagnosis. Specifically electrolysis. I have submitted two "sick call slips" and a grievance. All of which gave me a response of "not medically indicated." Electrolysis is a necessary medical procedure for transgender women because without it the patient cannot move forward with thier gender transition and thier gender reassignment surgery. Also having to live as women with male body hair and facial hair triggers dysphoric thoughts and depression. Electrolysis is part of the standards of medical care set for by WPATH (World Professional Association for Transgender Health).

21.) In short, I am a woman being forced to eat and live with men and without appropriate or reasonable accommodations that I need for the treatment of my gender dysphoria.

22.) I therefore bring claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; The Rehabilitations Act of 1973, 29 U.S.C. § 701, et seq.; The Civil Rights Act , 42 U.S.C. 1983; The Equal Protection clause and the Due Process clause of the Fourteenth Amendment to the United States Constitution; and the equality and due process guarantees secured by Part 1, Articles I and VII, among others, of the Massachusetts Constitution; and Articles 106 and 114 of the Massachusetts Constitution: as well as the Prison Rape Elimination

Act of 2000, 42 U.S.C. § 15601, et seq. I am seeking injunctive relief, attorney's and court fees, and all other appropriate relief.

Factual Allegations. Gender Dysphoria & Treatment

23.) Gender Dysphoria, as defined by the Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-V), is a medical condition in which there is a marked incongruence between one's experienced or expressed gender and one's assigned sex at birth, lasting for at least six months and manifested through at least two of the following:

> a.) A marked incongruence between one's experienced/expressed gender and primary and or secondary sex characteristics.
> b,) A strong desire to be rid of one's primary and or secondary sex characteristics because of a marked incongruence with one's experienced/expressed gender.
> c.) A strong desire for the primary and or secondary sex characteristics of the other gender.
> d.) A strong desire to be of the other gender (or some alternative gender different from one's assigned gender)
> e.) A strong desire to be treated as other gender (or some alternative gender different from one's assigned gender)
> f.) A strong conviction that one has the typical feelings and reactions of the other gender (or some alternative gender different from one's assigned gender).

24.) A person with gender dysphoria experiences clinical distress from having a gender identity, an internalized sense of being male or female, that is different than his or her's assigned sex and gender at birth.

25.) Gender Dysphoria is associated with high levels of stigmatization, discrimination, and victimization. The isolation of and discrimination experienced by someone with Gender Dysphoria often leads to negative self-esteem, increased risk of mental disorders, and comorbidity, i.e. suffering from another disease or disorder.

26.) Individuals suffering from Gender Dysphoria often experience severe psychological harm and suffering. Including anxiety, depression, and or thoughts of suicide.

27.) Gender Dysphoria, is however, highly treatable.

28.) Treatment protocol for Gender Dysphoria, as recommended by the American Psychological Association (APA), includes "counseling, cross sex hormones, gender reassignment surgery, and social and legal transition to the desired gender." Going through a "gender transition" or "transition" is the medical process of changing one's body from that typically associated with his or her assigned sex at the time of their birth to that typically associated with the person's gender identifications.

Causes of Action

### Count One: ADA- Discrimination/Failure to Accomodate

29.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

30.) Defendants violated the ADA 42 U.S.C. § 12101, et seq., by discriminating against me on the basis of my disability. The discrimination includes but is not limited to:

- a.) Refusing to house me on a female unit at Suffolk County HOC. Defendants have refused to do so even though I am a woman and have a female gender identity.

- b.) Refusing to reprimand staff who fail to appropriately accommodate, treat, and communicate with individuals with gender dysphoria.

- c.) Refusing to reprimand staff who fail to use female pronouns when addressing or referring to me.

- d.) Refusing to treat me the same as all other women housed at Suffolk County HOC

- e.) Denying me access to electrolysis as is a necessary medical procedure for Transgender woman.

31.) Defendants violated the ADA by failing to provide me with the aforementioned reasonable accommodations.

32.) None of my requested accommodations "would materially impair the safe and efficient operation of the program, present a safety hazard to the individual inmate or staff, threaten the security of the correctional institution/facility, or would otherwise cause undue hardship in the operation of the institution/facility. 103 DOC 207.01

33.) Nor would any of my requested accommodations "fundamentally alter the nature of [any] service, program, or activity." 28 C.F.R. § 35.130 (b)(7).

34.) Defendant's actions and failure to accommodate my attempts to alleviate the stresses caused by my Gender Dysphoria have caused me to suffer from increased depression and anxiety and have impaired my ability to participate in basic life

activities.

Count Two: Rehabilitation Act- Discrimination/failure to Accommodate

35.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

36.) Defendants violated The Rehabilitation Act of 1973. 29 U.S.C. § 701, et seq. by discriminating against me on the basis of my disability.

37.) Defendants discriminatory actions and failure to accommodate my attempts to alleviate the stresses caused by my gender dysphoria have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities. Defendants act's in violation of the Rehabilitation Act include:

   a.) Refusing to house me on a female unit at Suffolk County HOC. Defendants have refused to do so even though I am a woman and have a female gender identity.

   b.) Refusing to reprimand staff who fail to appropriately accommodate, treat, and communicate with individuals with gender dysphoria.

   c.) Refusing to reprimand staff who fail to use female pronouns when addressing or referring to me.

   d.) Refusing to treat me the same as all other women housed at Suffolk County HOC

   e.) Denying me access to electrolysis as is a necessary medical procedure for Transgender woman.

38.) Defendant' actions and failure to accommodate my attempts to alleviate the stresses caused by my gender dysphoria have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities.

Count Three: Fourteenth Amendment of the Constitution of the United States-Equal Protection Clause

39.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

40.) Defendant's acting under color of state law have violated my rights under The Equal Protection Clause of the Fourteenth Amendment by impermissibly discriminating against

me on the basis of my sex, gender identity, transgender status, and disability.

41.) Defendant's actions have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities.

Count Four: Fourteenth Amendment of the United States Constitution: Due Process Clause

42.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

43.) The Due Process Clause of the Fourteenth Amendment prohibits state government from depriving individuals of their property or liberty interests without due process of law. The Due Process Clause of the Fourteenth Amendment requires, at a minimum, that government actions have some rational basis. Defendant's placement of me in a men's unit at Suffolk County HOC and disregard of the fact that I am a woman and have a Female gender identity is irrational. Defendant's treatment of me also impermissibly burdens my fundamental rights to autonomy and privacy, including my right to live as a woman consistent with my female gender identity as set forth above, Defendants have Violated the Due Process Clause of the Fourteenth Amendment.

44.) Defendant's actions have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities.

Count Five: Massachusetts Constitution-Pt 1, Articles I and VII among others

45.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

46.) Defendant's placement of me in a men's unit at Suffolk County HOC and disregard Of the fact I am a woman and have a female gender identity is in violation of my rights, Including my Due Process rights under the Declaration of Rights, Articles I and VII among others, of the Massachusetts Constitution.

47.) Defendant's actions have caused me to suffer from depression and anxiety and Have Impaired my ability to participate in basic life activities.

Count Six: Massachusetts Constitution Article 106

48.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

49.) Defendant's violated Article 106 of the Massachusetts Constitution by discriminating

against me on the basis of my Transgender status, gender identity, and my sex. Specific violations include:

    a.) Refusing to house me on a female unit at Suffolk County HOC. Defendants have refused to do so even though I am a woman and have a female gender identity.

    b.) Refusing to reprimand staff who fail to appropriately accommodate, treat, and communicate with individuals with gender dysphoria.

    c.) Refusing to reprimand staff who fail to use female pronouns when addressing or referring to me.

    d.) Refusing to treat me the same as all other women housed at Suffolk County HOC

    e.) Denying me access to electrolysis as is a necessary medical procedure for Transgender woman.

50.) Defendant' actions and failure to accommodate my attempts to alleviate the stresses caused by my gender dysphoria have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities.

Count Seven: Massachusetts Constitution Article 114

51.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

52.) Defendants violated Article 114 of the Massachusetts Constitution by discriminating against me on the basis of my gender identity and my disability, Gender Dysphoria. Specific violations include:

    a.) Refusing to house me on a female unit at Suffolk County HOC. Defendants have refused to do so even though I am a woman and have a female gender identity.

    b.) Refusing to reprimand staff who fail to appropriately accommodate, treat, and communicate with individuals with gender dysphoria.

    c.) Refusing to reprimand staff who fail to use female pronouns when addressing or referring to me.

    d.) Refusing to treat me the same as all other women housed at Suffolk County HOC

    e.) Denying me access to electrolysis as is a necessary medical procedure for Transgender woman.

53.) Defendant' actions and failure to accommodate my attempts to alleviate the Stresses caused by my gender dysphoria have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities.

Count Eight: 42 U.S.C. § 1983 Violation of Civil Rights

54.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

55.) Defendants are "persons" under 42 U.S.C. § 1983 who acted " under the color of state law" and deprived me of my rights secured by the United States Constitution. Specific violations include:

a.) Refusing to house me on a female unit at Suffolk County HOC. Defendants have refused to do so even though I am a woman and have a female gender identity.

b.) Refusing to reprimand staff who fail to appropriately accommodate, treat, and communicate with individuals with gender dysphoria.

c.) Refusing to reprimand staff who fail to use female pronouns when addressing or referring to me.

d.) Refusing to treat me the same as all other women housed at Suffolk County HOC

e.) Denying me access to electrolysis as is a necessary medical procedure for Transgender woman.

56.) Defendant's actions have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities.

Count Nine: Prison Rape Elimination Act of 2000  42 U.S.C. § 15601 et seq. And its implementing regulations, 28 C.F.R. Pt. 115

57.) I incorporate by reference the preceding paragraphs of my complaint as though fully set forth herein.

58.) Defendants have violated the Prison Rape and Elimination Act of 2000  42 U.S.C. § 15601 et seq. And its implementing regulations, 28 C.F.R. Pt. 115 by failing to prevent and detect sexual assault and sexual harrassment.  Specific violations include:

    a.) Refusing to house me on a female unit at Suffolk County HOC. Defendants refused to do so even though I am a woman and a have a female gender identity.

    Defendants knowingly housed me on a men's unit even though there is a high risk of me being a victim of sexual abuse.

    b.) Defendants failed to make available a victim advocate from a rape crisis center or a qualified staff member from a community based organization after learning that I had been victimized of sexual abuse.

    c.) Defendants failed to use the PREA screening process in assessing my housing Accommodation.

    d.) Defendants have failed to keep separate those inmates at high risk of being sexually victimized from those at high risk of being sexually abusive.

    e.) Defendants have failed to use the PREA screening process in deciding whether to assign a Transgender of intersex inmate to a unit/facility for male or female Inmates. Defendants fail to consider on a case by case basis whether a placement would present management or security problems.

    f.) Defendants have failed to give serious consideration of a transgender inmate's Own views with respect to his or her own safety.

    g.) Defendants have failed to reassess each transgender inmates placement and programming at least twice per year to review any threats to safety experienced by the inmate.

59.) Defendants in their official capacity have subjected me to sexual assault and harassment and have knowingly placed me in situations where I would be at high risk of being sexually victimized.

60.) Defendant's actions and failure to accommodate my requests have caused me to suffer from depression and anxiety and have impaired my ability to participate in basic life activities.

## Additional Experiences at Suffolk County HOC

61.) I constantly face discrimination from the male inmates with whom I am housed, as men are not as accepting as women. I am constantly misgendered by male inmate and staff at Suffolk County HOC because I am housed on a male unit.

62.)When I attend women's programming I am asked why I'm wearing a red uniform as women do not wear red uniforms and other women recognize me as another woman. I suffer from anxiety and depression every time I am forced to explain why I have to wear a red uniform. If I were housed on a women's unit originally, I would not be subjected to questions about my gender. I have been attending all women's programs, library time, and gym/yard time with no security, safety, or management issues. I would not present a management, safety, or security risk or problem if I were to be housed on a women's unit.

63.)On September 5, 2019, Defendant Christina Ruccio did discriminate against me in an incident where a female inmate handed me a letter to give to a male inmate who was housed on the same unit as I, at the time. The female inmate and I, were both given disciplinary reports and Christina Ruccio took away my programs for a week. But she did not do the same for the other female inmate. I filed a grievance about this discrimination against me as Christina Ruccio did not treat myself and the other inmate the same. My grievance was denied.

## IV.   Prayer For Relief

Wherefore, I respectfully pray that this court:

A.) Enter judgement in favor of Plaintiff against defendants on each of the counts in this complaint.

B.) Issue injunctive relief against Defendants, ordering Defendants not to discriminate against me on the basis of my transgender status, my gender identity, my sex, and/or my disability. including but not limited to ordering Defendants to:

1. Treat me the same as all other female inmates held by Suffolk County HOC
2. House me on a women's unit at Suffolk County HOC
3. Discipline all Suffolk County HOC staff who fail to appropriately accommodate, treat, and communicate with individuals with gender dysphoria.
4. Refer to me by my chosen and legal female name
5. Use only female pronouns when speaking to or about me.
6. Provide me with access to electrolysis and to follow the standards of care for treatment of gender dysphoria established by the World Professional Association for Transgender Health (WPATH)
7. Award me my reasonable costs and expenses of this Action including but not limited to any attorney fees.
8. Compensatory damages in the amount of $500 per day while being housed with male inmates.
9. Punitive damages in the amount of $1,000,000.00 for the Defendants egregious actions and inactions in this matter.
10. A public apology and an order to prevent any and all future harm to myself and other Transgender inmates.
11. Award me with pain and suffering damages for mental health purposes in the amount of $850 per day while being housed with male inmates.
12. Grant such other and further relief as this honorable court considers just and proper.

V. <u>Certification and Closing</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

<u>For Parties Without an Attorney</u>

✓ I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/19/2021

Signature of Plaintiff: *Jennaye Bennett-Werra*

Printed Name of Plaintiff: Jennaya Bennett-Werra